UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:20-cr-87 |
| v. | ) | |
| | ) | SENTENCING MEMORANDUM |
| LUIS ALFREDO MOREIRA BRAVO, | ) | |
| | ) | |
| Defendant. | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing currently set for October 4, 2021, at 1:00 p.m.

## TABLE OF CONTENTS

I.   **BACKGROUND** ........................................................................................ 1

II.  **SENTENCING CALCULATION** ........................................................... 2

III. **GOVERNMENT'S RECOMMENDATION** ........................................... 2

### I.   BACKGROUND

A one-count Indictment was filed on September 9, 2020, in the Southern District of Iowa, charging Luis Alfredo Moreira Bravo with Transportation of a Minor, on or about May 5 through May 6, 2020 (Count One), in violation of 18 U.S.C. §§ 2423(a). (PSR ¶ 1.)   On May 24, 2021, the defendant pled guilty to Count One of the Indictment, and on June 10, 2021, the Court accepted the defendant's plea and adjudicated him guilty. (PSR ¶ 2.) Per the plea agreement, the parties have agreed to recommend a 120-month term of imprisonment, and the government has agreed to recommend a three-level reduction for acceptance of responsibility.  (PSR ¶¶ 3 & 4.)

## II. SENTENCING CALCULATION

In the presentence report paragraphs 37-47, 51, and 97, the defendant's guideline range was calculated as follows:

| | |
|---|---|
| USSG §2G1.3 | 28 |
| USSG §2G1.3(b)(3) | +2 |
| USSG §2G1.3(b)(4)(A) | +2 |
| Acceptance | -3 |
| Criminal History Category | I |
| Guideline Sentencing Range: | 87 to 108 months |

## III. GOVERNMENT'S RECOMMENDATION

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. §3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6). The

government will ask the District Court to find a base offense level of 29, Criminal History Category I, and a final advisory guideline range of 87 to 108 months of imprisonment. The government is seeking the mandatory minimum term of imprisonment of 120 months imprisonment.

The nature and circumstances of the offense suggest that the statutory mandatory minimum sentence is sufficient but not greater than necessary. The defendant engaged a relationship with a girl online, and during that relationship he developed concerns she might not be an adult. (PSR ¶¶ 22, 27, & 28.) He took no legitimate steps to investigate his suspicions about her age, and instead drove across state lines to engage in sexual intercourse. (PSR ¶¶ 22 & 27.) The defendant picked up the victim in Iowa late at night and without any personal belongings, which are circumstances that would have raised concerns to a reasonable person about her age. (PSR ¶¶23, 24, 27, & 28.) After defendant picked her up, he didn't verify her age, but instead quickly engaged in sexual intercourse with her. (*Id.*) After he had sex with the fourteen-year-old victim, defendant then drove her to Minnesota where he engaged in sexual intercourse with her multiple times without a condom. (*Id.*) The defendant knew that there was a possibility that the victim was underage. He willfully engaged in sexual activity with her and transported her across state lines without determining her age. Under these facts, the government would suggest to the court that a sentence of 120 month of imprisonment is sufficient but not greater than necessary to address the sentencing goals set forth in 18 U.S.C. 3553(a)(2).

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining the final sentence of the defendant.

>Respectfully submitted,
>
>Richard D. Westphal
>Acting United States Attorney
>
>By:   /s/ Amanda W. Searle
>     Amanda W. Searle
>     Assistant United States Attorney
>     U.S. Courthouse
>     131 E. Fourth Street, Suite 310
>     Davenport, Iowa 52801
>     Tel: (563) 449-5432
>     Fax: (563) 449-5433
>     Email: Amanda.Searle@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2021, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.

UNITED STATES ATTORNEY

By: /s/ Amanda W. Searle
    Amanda W. Searle