IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) CRIMINAL NO.  3:20-cr-87 |
| Plaintiff, | ) |
| | ) DEFENDANT'S SENTENCING |
| vs. | ) MEMORANDUM |
| | ) |
| LUIS MOREIRA-BRAVO, | ) |
| | ) |
| Defendant. | ) |

**I.       INTRODUCTION**

On May 24, 2021, Luis Moreira-Bravo accepted responsibility for his conduct by pleading guilty to the single count indictment, charging transportation of a minor, in violation of 18 U.S.C. § 2423(a).  This matter is scheduled for a sentencing hearing on October 4, 2021, at 1:00 p.m.  The final presentence report provides a total offense level of 29 and a criminal history category of I, yielding in an advisory sentencing guideline range of 87 to 108 months' imprisonment.  (PSR, ¶ 97).  However, the guideline range effectively becomes 120 months, pursuant to USSG §5G1.1(b), as the statutory minimum sentence is ten years,.  The parties have entered into a plea agreement to a joint sentencing recommendation of 120 months.  There are no contested guideline issues remaining for sentencing.  Mr. Moreira-Bravo respectfully requests that the court accept the sentencing recommendation of the parties and impose a sentence of 120 months' imprisonment.

**II.      PURSUANT TO THE FACTORS SET FORTH IN 18 U.S.C. § 3553(a), A GUIDELINE SENTENCE OF 120 MONTHS IS SUFFICIENT.**

A. <u>Legal Authority</u>

It is well established that the court shall consider all factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence is sufficient, but not greater than necessary, to address the sentencing purposes outlined in paragraph 2 of this subsection. *See United States v. Haack*, 403 F.3d 997, 1003 (8th Cir. 2005). Paragraph 2 provides the following stated purposes:

> "The need for the sentencing imposed - A) to reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense; B) to afford adequate deterrence to criminal conduct; C) to protect the public from further crimes of the defendant; and D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

The sentencing factors to be considered by the court include the nature and circumstances of the offense, the history and characteristics of the defendant, and the kinds of sentences available. 18 U.S.C. § 3553(a)(1). In addition to these sentencing factors, the court is permitted to entertain policy considerations pertinent to the relevant guideline section. *Rita v. United States*, 127 S. Ct. 2456, 24654 (2007). The court may vary outside of the guideline range based on a policy disagreement with the underlying guideline section. *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). The sentencing court "may not presume that the guidelines range is reasonable," but rather "must make an individualized assessment based on the facts presented to arrive at a sentence that is sufficient, but not greater than necessary." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

B. <u>Analysis</u>

Mr. Moreira-Bravo's personal history and characteristics support a mitigated sentence. Mr. Moreira-Bravo has never previously served a period of imprisonment or incarceration.

(PSR, ¶ 50). Other than a traffic violation, he has no criminal history, nor juvenile adjudications. (PSR, ¶¶ 49-50). He has a work history primarily in the food service industry, but also has experience in landscaping, roofing and painting. (PSR, ¶¶ 80-85). He has no substance abuse history or addiction issues. (PSR, ¶¶ 73-74). Consistently, his father describes him as a good, hardworking person who avoids trouble. (PSR, ¶ 61).

However, early instability in Mr. Moreira-Bravo's life, presented lasting challenges for him. He was raised by his paternal grandmother, who passed away following a cancer diagnosis. (PSR, ¶¶ 57, 64). When he was young, he did not experience consistent parental contact from either parent. His mother lived in a rural town about two and one-half hours away from where he lived, and she died when he was just eight years old. (PSR, ¶ 57). He did not often see his father, as his father resided in the United States. *Id*. He remembers meeting his father as a child, but was raised by his grandmother. *Id*.

Mr. Moreira-Bravo moved to the United States six or seven years ago, and he began living with his father at this time. (PSR, ¶ 68). Mr. Moreira-Bravo was a permanent resident, legally living and working in the country. (PSR, ¶ 69). His life centered around work. His social connections were acquaintances he met through his employment. (PSR, ¶ 58). He describes them as prosocial individuals. However, being relatively new to the community, he did not have any close friends. He described his life as "boring" and "lonely." (PSR, ¶ 59). His father similarly described Mr. Moreira-Bravo's lack of social connection and reported that he spent much of his time at home. (PSR, ¶ 61).

Mr. Moreira-Bravo came to the United States to live with his father as a young adult. Prior to this, he experienced significant trauma in his adolescent years. (See PSR, ¶¶ 61, 77).

He was a victim of violence, as reported by his father, and in fact, was unable to finish school because his grandmother feared additional attacks. *Id*.

With respect to the instant case, Mr. Moreira-Bravo expresses great remorse for his offense and does not offer excuses or justification for the judgement he used. However, the isolated lifestyle he was living, as described above, provides a context for the related online activity. He described his life as boring and lacking in close social connections. His online efforts to connect with others were related to his lack of social network. In his communication with R.M., she reported being older than 18.

In sum, the proposed resolution provides a reasonable sentence in light of Mr. Moreira-Bravo's personal history and the guideline considerations in the case. The statutory minimum sentence significantly increases the otherwise applicable guideline range of 87 to 108 months' imprisonment.

### III. CONCLUSION

WHEREFORE, Mr. Moreira-Bravo respectfully requests that the Court impose a sentence consistent with the arguments in this sentencing memorandum.

Respectfully Submitted,

FEDERAL DEFENDER'S OFFICE
CBI Bank & Trust Building
101 W. 2nd Street, Suite 401
Davenport, Iowa 52801-1815
TELEPHONE:  (563) 322-8931
TELEFAX:  (563) 383-0052
EMAIL:  diane_helphrey@fd.org

By: /s/*Diane Helphrey*
    **Diane Helphrey**
    Assistant Federal Defender
    ATTORNEY FOR DEFENDANT

cc: Amanda Searle, AUSA

CERTIFICATE OF SERVICE
I hereby certify that on September 28, 2021, I electronically filed this document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.
    /s/